**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dave Michael General, Civil No. 01-2345 PAM/AJB

Petitioner,

v. **REPORT AND RECOMMENDATION**

Sheryl Ramstad Hvass,

Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2254. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner was confined at Minnesota Correctional Facility–Faribault pursuant to conviction by jury verdict in Hennepin County District Court on a count of unlawful possession of a short-barreled shotgun. He was also convicted on a count of controlled substance crime in the 5th degree. Petitioner was sentenced to executed concurrent terms of 36 months on the firearms charge and one year and a day on the controlled substance charge. The prisoner asserts that the evidence was insufficient as a matter of law to sustain the convictions and that evidence was obtained through execution of an illegal search warrant. Petitioner does not specify a constitutional basis for his sufficiency of the evidence and unlawful warrant claims, but he does assert that the warrant was improperly obtained on the basis of information provided by a confidential reliable source who could not identify the petitioner.

Respondent opposes petitioner's Section 2254 motion. The State acknowledges



MAY 23 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

that 28 U.S.C. § 2254(d)(2) offers habeas corpus relief where the prisoner's criminal case is based upon an unreasonable determination of the facts in light of the evidence presented in State proceedings, but asserts that the petitioner cannot make the necessary showing in this instance. The State further contends that the prisoner has not previously presented his search warrant challenge in state court proceedings and therefore he has not exhausted state court remedies. Petitioner has not directly alleged cause for the failing to previously raise the illegal warrant issue and actual prejudice resulting from any violation of federal law, or that fundamental miscarriage of justice will result from failure to consider the claims. For the reasons discussed below, it is recommended that the petition [Docket No. 1] be dismissed with prejudice.

**Background**

The charges against petitioner in this matter, and his ultimate conviction, were based upon evidence obtained in the execution of a search warrant at a residence in Minneapolis, Minnesota, on December 22, 1999. Officers forcibly entered the home at 3028 Third Avenue South and loudly announced their entry as they proceeded to secure the residence. Sergeant Young testified that he found the petitioner in an east bedroom, standing at the northwest corner of the bed and holding onto the mattress.[1] Petitioner and a woman in the room with him, Tanya Thomas, promptly complied when ordered to lie on the floor. There were no other occupants in the residence at the time of the warrant execution.

As the search proceeded a loaded short-barrel 12-gauge shotgun was discovered between the mattress and box spring of the bed where petitioner was first located in the

---

[1] Trial transcript, page 105. [Docket No. 7].

residence. The woman in the bedroom was not near the shotgun when officers entered the room. Officers also discovered a sawed-off .22 caliber rifle in the floor heating vent near the bed, and a backpack containing two bags of marijuana was found in the bedroom near the bed. Additional marijuana was found in a pile of clothes in the east bedroom, in shoe in a west bedroom, and in the kitchen. Officers seized a replica of a handgun, a holster, and substantial amounts of cash in various locations and plaintiff's wallet and leather jacket were found in the residence. In a closet in the west bedroom police found a prescription bottle in petitioner's name and a bureau in the same bedroom contained Hennepin County citations issued to petitioner and boxes of 12-gauge shotgun shells.

Petitioner testified at trial that a person named "Carlos" was letting him use the residence that day so that petitioner could have sex with the woman.[2] Petitioner further testified that he was unaware that the guns and marijuana were in the house;[3] that Sergeant Young lied in stating that petitioner had been holding the mattress;[4] and that the traffic citations and prescription bottle had fallen out of his jacket and were not found in a dresser drawer in the residence.[5] Ms. Ardis Wroge testified that she was petitioner's girlfriend and that he lived with her at 3105 Fourth Avenue South, Apt. No. 4.[6] She denied telling Officer LaNasa otherwise.[7]

---

[2] Trial Transcript, page 247.

[3] Id., page 249.

[4] Id., page 250.

[5] Id., pp 251-52.

[6] Id., pp. 275-76.

[7] Id., page 278.

Officer LaNasa later provided rebuttal testimony contrary to Ms. Wroge's version of their discussion with respect to whether petitioner lived with her.[8]

Petitioner appealed his convictions to the Minnesota Court of Appeals. The sole claim presented in a brief submitted on petitioner's behalf by the Office of Minnesota State Public Defender was that the evidence was insufficient as a matter of law to sustain the jury's verdict on each count. The prisoner submitted a pro se supplemental brief in which he further argued that he was not the subject of the investigation or the search warrant executed at 3028 Third Ave., and that the evidence to connect him to the residence was insufficient to sustain the guilty verdict. The Minnesota Court of Appeals affirmed the convictions in an unpublished opinion filed May 1, 2001.[9] The prisoner petitioned for further review to the Minnesota Supreme Court and the petition was denied by Order dated July 24, 2001. The present action in United States District Court was commenced by Petition under Section 2254 filed on December 20, 2001.

**Exhaustion of State Remedies**

As Ground Two of the petition in this matter the prisoner asserts that the search warrant was illegal where a confidential informant who could not identify the petitioner was used to secure the warrant.[10] In the identification of the grounds raised in his appeal to the Minnesota Court of Appeals, the petition also contains the assertion the search warrant was illegal because

---

[8] Trial Transcript, page 313.

[9] State v. General, 2001 WL 436113 (Minn. App. 2001). Exhibits. [Docket No. 7].

[10] Petition, page 5-D. [Docket No. 1]

the informant on the warrant could not identify the petitioner.[11] However, there is no allegation of unlawful search warrant in either the Appellant's Brief which was prepared by counsel or in Appellant's Pro Se Supplement Brief in the direct appeal.[12] Furthermore, the Court of Appeals opinion contains no discussion of the search warrant except to note that entry into the residence was pursuant to a high-risk search warrant. Likewise, the Petition for Review by the Minnesota Supreme Court explicitly cites only insufficiency of evidence as the issue for review. Petitioner's efforts to incorporate an unlawful search warrant claim into the current Section 2254 petition, and to represent to the Court that this claim had previously been presented to the Minnesota courts, are unavailing. The substance of the warrant argument as presented to the Minnesota Court of Appeals, and as iterated in the Section 2254 petition, is that petitioner was not the true subject of the investigation, he was merely at the wrong place at the wrong time, and evidence is insufficient to sustain the guilty verdict. Petitioner has offered essentially no argument whatsoever, in either his state appeal or the Section 2254 petition, to the effect that the warrant itself was illegally obtained or executed in an unlawful manner.

Generally, a federal court cannot consider the merits of a habeas corpus petition filed by a state prisoner unless the petitioner can demonstrate exhaustion of all of the available state court remedies with respect to each of the claims that are being presented to the federal court. 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). Exhaustion of state remedies is required to ensure that state courts have the initial opportunity to

---

[11] Petition, page 3-A.

[12] Exhibits. [Docket No. 7].

review and adjudicate a petitioner's federal constitutional claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim. Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir.), cert. denied, 116 S.Ct. 578 (1995); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993), citing Picard v. Connor, 404 U.S. 270, 275-278 (1971). Indeed, in order to give the state courts one full opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the State's appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732 (1999). Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court. Id., 119 S.Ct. at 1733. Failure to seek review of claims at all appellate levels of the state court system represents non-exhaustion of those claims. Petitioner in this matter has properly sought review of an insufficient evidence claim in both the Minnesota Court of Appeals and the Minnesota Supreme Court. However, it does not appear that petitioner has properly raised an illegal search warrant claim in any prior state court action. Therefore, even if he had completed the appeals of state court rulings on one claim, his current petition includes at least one additional claim that is clearly unexhausted. Since a habeas petitioner must exhaust his state court remedies as to all of his claims, the inclusion of this one unexhausted claim typically would require that the instant petition be dismissed for non-exhaustion even if petitioner had appealed the post-conviction decision in other respects. Rose v. Lundy, 455 U.S. at 510, 522.

**Procedural Default.** When a petitioner has failed to fairly present federal constitutional claims in state court, the federal court must determine whether the state procedural

rules would allow hearing on the merits in a state court proceeding. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). If the state's procedural rules would preclude hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or miscarriage of justice, can be demonstrated. Id

In the Section 2254 petition in this case the prisoner alleges that the evidence was insufficient to support his convictions and that the search warrant was illegal. As discussed above, the insufficient evidence claim has been presented to the Minnesota appellate courts and the claim is exhausted, but the illegal search warrant claim has not been exhausted. Petitioner has fully exercised his direct appeal rights, but he did not raise all his claims on appeal. Minnesota law provides that once the prisoner has directly appealed, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." Id., quoting State v. Knaffla, 243 N.W.2d 737, 741 (1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Though the prisoner in this matter has not petitioned for postconviction relief, it is clear that Minnesota law precludes further state court review of the search warrant claim he presents in this habeas corpus action. Since the substance of the claim relating to a confidential informant's inability to identify the petitioner was presented to the Minnesota Court of Appeals, it is obvious that the issue was not unknown or novel at the time of direct appeal. Consequently, this Court concludes that petitioner has defaulted on the illegal warrant claim under Minnesota state law. McCall v. Benson, 114 F.3d 754, 757-58.

The finding of procedural default bars federal review of the merits of the constitutional claims unless the petitioner demonstrates either cause for the default and actual prejudice, or fundamental miscarriage of justice resulting from failure to consider the claims on

the merits. McCall at 758. Petitioner in this case offers no absolutely no explanation or cause for not explicitly alleging illegal search warrant on direct appeal. Furthermore, petitioner has not alleged the actual prejudice necessary to overcome procedural default. "To demonstrate prejudice, a petitioner must show that the errors of which he complains 'worked to his *actual* and substantial disadvantage, infecting his entire [hearing] with error of constitutional dimensions.'" Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995)(citations omitted). Petitioner in this matter has neither picked up the challenge nor carried the burden of showing cause and prejudice as required to avoid dismissal of claims based upon procedural default. Likewise, petitioner has made no showing of fundamental miscarriage of justice with respect to an unlawful search warrant claim because he has made no cognizable attempt to demonstrate "that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" McCall v. Benson, 114 F.3d 754, 758 (citing Brownlaw v. Groose, 66 F.3d 997, 999 (8th Cir. 1997)(quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995)). Since the prisoner has procedurally defaulted his unlawful warrant claim, and therefore has no further opportunity to exhaust that particular claim in state proceedings, dismissal of this action to permit full exhaustion is not required and the sufficiency of the evidence claim will be considered on the merits even though the illegal warrant claim must be dismissed on procedural grounds.[13]

[13] Dismissal of petitioner's illegal search warrant claim on the merits is also appropriate pursuant to 28 U.S.C. § 2254(b)(2), wherein it is provided that "an application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." The search warrant in this instance was issued on December 21, 1999, and was based upon sufficient probable cause as determined by Hennepin County District Court Judge Tanja Kozicky. The warrant properly and sufficiently identified the locations to be searched and the objects of the search. There is no assertion and no evidence to establish that the warrant was not executed in a legal and lawful manner. The warrant

**Sufficiency of the Evidence**

**Standard of Review.** "Evidence is sufficient to support a verdict if 'after viewing the evidence in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Sanchez, 252 F.3d 968, 972 (8th Cir. 2001)(quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979). The evidence is to be viewed in the light most favorable to the verdict, with the verdict having the benefit of all reasonable inferences. Such verdict will be reversed only if the jury must have had reasonable doubt concerning an essential element of the crime. Sanchez at 972 (citing United States v Sandifer, 188 F.3d 992, 995 (8th Cir 1999). In the review of a state conviction, the federal court presumes that the state court's fact determinations are correct and the presumption may be rebutted only be clear and convincing evidence. Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).

**Evidence.** It is petitioner's contention that the evidence did not establish that he had possession of the guns or drugs that were seized in the execution of the search warrant at 3028 Third Avenue South, and his convictions were therefore based upon insufficient evidence. Respondents argue that evidence of petitioner's constructive possession of the drugs and gun was sufficient to support the jury's verdicts.

Possession may be either actual or constructive. United States v. Moore, 212 F.3d

---

application included the affidavit of Officer Mark Lanasa, and the affidavit on its face contains sufficient probable cause, including information obtained from a confidential reliable informant, to support issuance of the requested warrant to search the described address. Whether the informant was ever able to identify the petitioner is not necessary to establishing probable cause for the warrant and is not generally relevant to the legality of the search warrant. Petitioner's illegal search warrant claim fails on the merits as well as being procedurally defaulted.

441, 445 (8th Cir. 2000), State v. Denison, 607 N.W.2d 796, 799 (Minn. App. 2000)(citing State v. Florine, 226 N.W.2d 609, 610 (Minn. 1975). Constructive possession may be proved either through evidence that contraband was found in an area controlled by the defendant and not generally accessible to others, or evidence showing a strong probability that the defendant had exercised dominion and control over the area in which contraband is concealed. Denison, 607 N.W.2d at 800 (citing Florine at 611). Review of whether constructive possession is established is based upon the totality of circumstances. Denison at 800.

Considering the totality of circumstances relating to the issue of constructive possession, there was sufficient evidence to support the petitioner's convictions in this matter. The jury heard testimony indicating that defendant was standing at the corner of the bed and holding onto the mattress in the corner where a short-barrel shotgun was recovered, and marijuana was found in a backpack in the same bedroom. In addition, there was testimony that identifying items including a prescription bottle with the petitioner's name on it and Hennepin County citations written to him were found in a dresser drawer in another bedroom. The jury as finder-of-fact was not obligated to believe defense testimony offered to contradict the State's constructive possession evidence and such testimony therefore is not particularly pertinent to the totality of circumstances evaluation. Furthermore, with respect to evidence of actual residence the government was not required to prove that petitioner lived at 3028 Third Avenue South, and indeed, the mere circumstance of the petitioner being allowed to use the bedroom for purposes of having sex while drugs, money, and guns were concealed in the bedroom and throughout the residence may be construed as additional evidence that the petitioner exercised dominion and control over the area in which the contraband was discovered even if he was not a permanent

resident of the household. The jury verdicts in this instance were not based upon an unreasonable determination of the facts in light of the evidence. Consequently, in this instance there is no justification under 28 U.S.C. § 2254(d)(2) for issuance of a writ of habeas corpus based upon insufficiency of the evidence.

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

It is **HEREBY RECOMMENDED** that the petition for writ of habeas corpus [Docket No. 1] be **DISMISSED** with prejudice.

Dated: May 23, 2002

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before June 5, 2002. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.

## *Featured Speakers Include:*

**District of Minnesota**

**Judge David S. Doty**

**Judge Donovan W. Frank**

**Judge Paul A. Magnuson**

**Judge Ann D. Montgomery**

**Judge John R. Tunheim**

**Chief Magistrate Judge Jonathan Lebedoff**

**Magistrate Judge Arthur J. Boylan**

**United States Bankruptcy Court**
**District of Minnesota**

**Judge Robert J. Kressel**

**Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit**

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
**PAID**
Minneapolis, MN
Permit No. 2657

**MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION**

**In connection with**
**The Federal Judiciary**

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | Registration |
| 8:00-8:15 | Opening Remarks and Welcome, *Judge Ann D. Montgomery* |
| 8:15-9:00 | Securities Law Issues in the Wake of Enron, *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | Current Issues in Employment Law, *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | Morning Break |
| 10:00-10:45 | Current Initiatives in the U.S. Attorneys' Office, *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | Discovery Disputes: Professionalism in the Practice of Law?, *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | Lunch (Room 211) |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | The Clerk's Office Can Be Your New Best Friend, *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How, *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | Issues in the Wake of 9/11: Racial Profiling -- *Daniel M. Scott (U.S. Federal Public Defenders' Office)*; Response by the Department of Justice -- *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | Afternoon Break |
| 3:30-4:15 | Update on Technology Tools for Litigating in Federal Court, *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | Ethics in "Real Life" Practice Situations, *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## Seminar Registration

☐ Member $195.00

☐ Non-Member $225.00

Name ____________________

Firm/Employer ____________________

Address ____________________

____________________

Phone ____________________

E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building